JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 14-4370 PA (CWx) | Date | June 18, 2014 |
|---|---|---|---|
| Title | Karen E. Clair v. Les Zieve, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

None                                None

**Proceedings:**     IN CHAMBERS - ORDER

      Pending before the Court is a Notice of Removal filed by defendants Specialized Loan Servicing LLC ("SLS") and Bank of New York Mellon ("BNY Mellon") (collectively "Defendants") on June 6, 2014.[1/] Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Karen E. Clair ("Plaintiff") on the basis of diversity. See 28 U.S.C. § 1332. Also before the Court are an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction filed by Plaintiff on June 16, 2014. (Docket Nos. 9, 10.)

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

      To invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For diversity purposes, the citizenship of a limited liability company ("LLC") is the citizenship of its

---

[1/]    While this action was removed in Defendants' names, the Notice of Removal also asserts that "this action may be removed to this Court by CMI." (Notice of Removal ¶ 4.) It is unclear who this entity is or how it is related to this case.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4370 PA (CWx) | Date | June 18, 2014 |
|---|---|---|---|
| Title | Karen E. Clair v. Les Zieve, et al. | | |

members.  See, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company."); TPS Utilicom Servs., Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges that complete diversity exists in this case because Plaintiff is a citizen of California; defendant SLS is incorporated in Delaware, and its principal place of business is in Colorado; and BNY Mellon's main office is located in New York.[2/]  (Notice of Removal ¶ 4.) According to the Notice of Removal, however, "SLS is a limited liability company."  (Id.)  Thus, SLS's citizenship is determined by the citizenship of its members, not its state of incorporation or principal place of business.  See Johnson, 437 F.3d at 899.  Defendants have therefore failed to establish SLS's state citizenship.

Accordingly, Defendants have not met their burden to establish this Court's diversity jurisdiction.  The Court therefore remands this action to Los Angeles County Superior Court, Case No. PC055630, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  The Court denies Plaintiff's Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction as moot.

IT IS SO ORDERED.

---

[2/]  According to the Notice of Removal, the other named defendant in this action, Les Zieve, "is no longer a party to this matter, or is a nominal party to this matter, because on April 28, 2014, he filed a declaration of non-monetary status pursuant to California Civil Code § 29241."  (Notice of Removal ¶ 3.)  The Notice of Removal also alleges that none of defendants have been served yet.  (Id. at ¶ 2.)